IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOTERLABS, INC., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 19-524-RGA |
| ETHOS GROUP CONSULTING SERVICES, LLC, | : |
| Defendant. | : |

**MEMORANDUM ORDER**

The Report and Recommendation (D.I. 22) is **ADOPTED**. Defendant's objections (D.I. 23) are **OVERRULED**. As recommended in the Report and Recommendation, Defendant's motion to dismiss (D.I. 10) is **GRANTED IN PART** and **DENIED IN PART**. Count III is **DISMISSED WITHOUT PREJUDICE**.

The objections are only to the recommendation relating to the termination fee breach of contract claim set forth in Count II. The objections are based on various arguments relating to the Magistrate Judge's supposed failure to understand the term "Base Royalty" in section 4(a) of the Statement of Work agreement. The complaint alleges (D.I. 2 at ¶ 49), and a review of the contract supports, that "Base Royalty" is a defined term that means "a royalty of (a) one dollar ($1.00) per each Vehicle sold by or through a Monthly User ("Monthly Royalty") or (b) two hundred and fifty thousand dollars ($250,000) per year ("Yearly Minimum Royalty"), whichever is greater." (D.I. 11-2, Exh. B, at 4-5). That definition makes sense in the way "Base Royalty" is used in each of the three scenarios set forth in section 4(a). The fact that in the third scenario the Monthly Royalty is zero does not mean that Base Royalty contains a superfluous term. The

fact that there is a condition precedent to the obligation relating to the Base Royalty in the first scenario does not mean that there is a condition precedent to its use in the third scenario.[1]

IT IS SO ORDERED this 18 day of November 2019.

*Richard G. Andrews*
United States District Judge

---

[1] At the motion to dismiss stage, the amount that corresponds to the description of the payment that is due under the third scenario of section 4(a) is not at issue. That some payment is due, based on the allegations in the Complaint, is all that is necessary to deny the motion to dismiss.