# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOTERLABS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-524-RGA-SRF |
| | ) | |
| v. | ) | |
| | ) | |
| ETHOS GROUP CONSULTING SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| ETHOS CONSULTING SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-001-RGA |
| | ) | |
| v. | ) | |
| | ) | |
| WALTER KAWECKI, ANDY ATHERTON, DAMIAN SMITH, AND STEPHEN CHAPUT, | ) | |
| | ) | |
| Defendants | | |

## CONSOLIDATION AND SCHEDULING ORDER

WHEREAS, on March 15, 2019, VoterLabs, Inc. ("VoterLabs") filed a complaint in this Court against Ethos Group Consulting Services, LLC ("Ethos Group"), alleging, *inter alia* breach of contract (D.I. 2 in C.A. No. 19-524), and barring the caption *VoterLabs, Inc. v. Ethos Group Consulting Services, LLC*, C.A. No. 19-524-RGA-SRF (the "First Action");

WHEREAS, on December 2, 2019 Ethos Group asserted counterclaims against VoterLabs in the First Action (D.I. 28 in C.A. No. 19-524), alleging, *inter alia*, breach of contract;

WHEREAS, on June 8, 2020, Ethos Group filed a complaint in the District Court for the Northern District of Texas against individual defendants Walter Kawecki, Andy

1

Atherton, Damian Smith and Stephen Chaput (the "Individual Defendants"), alleging, *inter alia*, fraud and fraudulent inducement. *See* D.I. 1 in *Ethos Consulting Services, LLC v. Kawecki et al.*, C.A. No. 21-001-RGA (the "Second Action");

WHEREAS, on July 20, 2020, the Individual Defendants moved to transfer the Second Action to the District Court for the District of Delaware under the first-to-file doctrine, arguing that both actions involve the same contract between VoterLabs and Ethos Group and therefore, substantially overlap. *See* D.I. Nos. 12, 13 in C.A. No. 21-001-RGA.

WHEREAS, on December 31, 2020, the District Court for the Northern District of Texas granted the Individual Defendants' motion to transfer and ordered that the Second Action be transferred to this Court (D.I. 30 in C.A. No. 21-001-RGA), where it is now captioned *Ethos Consulting Services, LLC v. Kawecki et al.*, C.A. No. 21-001-RGA;

WHEREAS, the parties have met and conferred and agree, subject to the Court's approval, that these two actions should be consolidated so the parties may proceed most efficiently;

**IT IS HEREBY STIPULATED AND AGREED** by the parties, subject to the approval of the Court that:

1. The Second Action is hereby consolidated for all purposes with the First Action;

2. The First Action shall be the lead case and all papers shall be filed in the First Action (now C.A. No. 19-524-RGA-SRF (CONSOLIDATED) (the "Consolidated Action");

3. The trial that was set for June 21, 2021 and the Pretrial Conference that was set for June 4, 2021 in the First Action have been taken off the calendar, and the deadlines set in the Amended Scheduling Order in the First Action (D.I. 90 in C.A. No. 19-524-RGA-

2

SRF) are hereby withdrawn. Instead, the following deadlines, dates and provisions set forth herein shall apply to the Consolidated Action;

    4.    **Answer.**  The Individual Defendants in the Second Action have filed an answer to the complaint on or before March 5, 2021.

    5.    **Rule 26(a)(1) Initial Disclosures.**  Unless otherwise agreed to by the parties, the parties to the Second Action shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five (5) days of the date of this order.

    6.    **Joinder of Other Parties and Amendment of Pleadings.**  Any subsequent motions to join other parties, and/or to amend or supplement pleadings, in the First Action or Second Action, shall be filed on or before April 15, 2021.

    7.    **Discovery.**

        a.    **Discovery Cut Off.**  All fact discovery in this Consolidated Action shall be initiated so that it will be completed on or before September 6, 2021.

        b.    **Document Production.**  Document production shall be substantially complete by July 2, 2021.  The parties will make reasonable efforts to limit production of duplicative documents already produced in the First Action in the Second Action.

        c.    **Request for Admission.**  Each party (consisting of (i) VoterLabs, (ii) Ethos Group and (iii) the Individual Defendants collectively), may direct a maximum of TWENTY-FIVE (25) requests for admission to each opposing party (i.e. the Individual Defendants collectively can only send TWENTY-FIVE (25) total requests to Ethos Group, and Ethos Group can only send TWENTY-FIVE (25) total requests to the Individual Defendants collectively), with the requests for admissions issued to date in the First Action

by Ethos Group and VoterLabs to each other counting towards the total requests for admission allowed under this section (c).

    d.  **Interrogatories**.  Each party (consisting of (i) VoterLabs, (ii) Ethos Group and (iii) the Individual Defendants collectively) may direct a maximum of TWENTY-FIVE (25) interrogatories, including contention interrogatories, to each opposing party (i.e. the Individual Defendants collectively can only send TWENTY-FIVE (25) total interrogatories to Ethos Group, and Ethos Group can only send TWENTY-FIVE (25) total interrogatories to the Individual Defendants collectively), with the interrogatories issued to date in the First Action by Ethos Group and VoterLabs to each other counting to the total interrogatories allowed under this section (d).

    e.  **Depositions**.

      i.  **Limitation on Hours for Deposition Discovery**.  Each side is limited to a total of SIXTY (60) HOURS of taking testimony by deposition upon oral examination, with the time taken to date in the First Action to be counted towards the total.  The parties shall cooperate on scheduling of depositions.

      ii.  **Location of Depositions**.  Any party or representative of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court or by agreement of the parties.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.  In consideration of COVID-19, the depositions shall be conducted remotely, unless otherwise agreed by the parties.  The parties shall cooperate on the logistics of remote depositions.

  **f.**  <u>**Disclosure of Expert Testimony.**</u>

    i.  <u>**Expert Reports**</u>.  Ethos Group served its initial Federal Rule 26(a)(2) disclosure of expert testimony on July 13, 2020.  VoterLabs served its supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on August 13, 2020.  Ethos Group served its reply disclosure (limited to replying to the August 13, 2020 supplemental disclosure) on August 24, 2020.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Any expert depositions shall be taken no later than September 6, 2021.

    ii.  <u>**Objections to Expert Testimony.**</u>  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

  **g.**  <u>**Discovery Matters and Disputes Relating to Protective Orders**</u>.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule a hearing.  Unless otherwise ordered, by no later than forty-eight hours prior to the hearing, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  By no later than twenty-four hours prior to the hearing, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reason for its opposition.  Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).  If

a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

        **8.**      **Application to Court for Protective Order.**  The parties agree that the protective order stipulated to and so-ordered at D.I. 39 in the First Action shall also apply in the Second Action, and that any materials subject to the protective order in each of these actions may be used in the other action as well.

        **9.**      **Papers Filed Under Seal.**  When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers.  A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

        **10.**      **Courtesy Copies.**  The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits, *etc.*).  This provision also applies to papers filed under seal.

        **11.**      **Case Dispositive Motions.**  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before October 4, 2021.  No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

        **12.**      **Applications by Motion.**  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule. 7.1.1.

13. **Pretrial Conference.**  On February 7, 2022, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 10:00 a.m.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the third business day before the date of the final pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14. **Motions *In Limine*.**  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in limine* requests and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply).  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. **Jury Instructions, Voir Dire, and Special Verdict Forms.**  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference.  The plaintiff should expect to submit to an email address to be designated each of the foregoing four documents in Word format.

16. **Trial.** This matter is scheduled for a FOUR (4) day jury trial beginning at 9:30 a.m. on February 14, 2022, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

_____
UNITED STATES DISTRICT JUDGE