IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOTERLABS, INC., | ) |
| | ) C.A. No. 19-524-MAK |
| Plaintiff, | ) (Consolidated) |
| | ) |
| v. | ) |
| | ) |
| ETHOS GROUP CONSULTING | ) |
| SERVICES, LLC, ETHOS GROUP, INC.; | ) |
| ETHOS GROUP RESOURCES, INC.; ETHOS | ) |
| GROUP HOLDINGS, INC., AND DAVID | ) |
| TEREK | ) |
| | ) |
| Defendant. | ) |
| | ) |
| ETHOS GROUP CONSULTING SERVICES, | ) |
| LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WALTER KAWECKI, ANDY ATHERTON, | ) |
| DAMIAN SMITH, AND STEPHEN | ) |
| CHAPUT, | ) |
| | ) |
| Defendants. | ) |

## STATUS REPORT

Pursuant to the Court's May 12, 2021 Order, counsel for VoterLabs, Inc. ("VoterLabs") and Walter Kawecki, Andy Atherton, Damian Smith, and Stephen Chaput (collectively, the "VL Individuals") and counsel for Ethos Group Consulting Services, LLC ("Ethos Group Consulting") and Ethos Group, Inc., Ethos Group Resources, Inc., Ethos Group Holdings, Inc., and David Terek (collectively, the "New Ethos Group Defendants") conferred via several emails in advance and on June 16, 2021 and June 17, 2021 by telephone.  With the consent and approval of all parties, counsel for VoterLabs and the VL

1

Individuals respectfully submit the following status report of said meetings for the Court's consideration in advance of the status conference on June 18, 2021:

1.   **Progress-To-Date**

VoterLabs and the VL Individuals, and Ethos Group Consulting and the New Ethos Group Defendants, all agree that substantial progress has been made to date and that, regardless of the outcome of the pending motions to dismiss filed by the New Ethos Group Defendants on June 15, 2021 (D.I. 163), the trial date of February 14, 2022 set forth in the current Scheduling Order (D.I. 129 at ¶ 16) is desirable and achievable (subject to the Court's availability), with only the potential need for small changes to the current July 2, 2021 document and written discovery cut-off (*id.* at ¶ 7(b)), the September 6, 2021 discovery cut-off (*id.* at ¶ 7(a)), and the October 4, 2017 dispositive motion deadline (*id.* at ¶¶ 11).

   a)   **Discovery to date**

VoterLabs and the VL Individuals, and Ethos Group Consulting and the New Ethos Group Defendants, all agree with the following observations:

> (1)   To date, VoterLabs has issued and received objections and responses to: two sets of requests for documents (35 total requests) and two sets of interrogatories (25 interrogatories total). VoterLabs has taken the depositions of William Surprise, Esq. as a combined fact witness and as Ethos Group Consulting's 30(b) representative on the negotiating history and terms of the written contract at issue, and fact witnesses Jeff Thomas, Jon Huston, and Jon Larman. VoterLabs has issued a third party subpoena for documents to Scarlett Shipp and taken a partial deposition of fact witness Scarlett Shipp which has not been completed. Under the current schedule (D.I. 129), which grants VoterLabs and the VL Individuals together a total of sixty (60) hours of deposition time, VoterLabs has approximately 32 hours remaining.[1]

---

[1]   Depositions taken to date were taken under the prior Scheduling Orders: D.I. 32, which was subject to 21 total deposition hours per side, and D.I. 90, which was subject to 30 total deposition hours per side. After transfer of *Ethos Group Consulting Services, LLC v. Kawecki et al.*, C.A. No. 21-001-RGA to the District of Delaware, the parties agreed to consolidate the two cases and to 60 total hours of deposition time (D.I. 129).

(2) To date, Ethos Group Consulting has issued and received objections and responses to: one set of requests for documents (73 requests total), two sets of interrogatories (22 interrogatories total), and one set of requests for admissions (25 requests total). Ethos Group Consulting has taken the depositions of Walter Kawecki as a combined fact witness and as VoterLabs's 30(b)(6) representative on a range of topics (33 topics total). Ethos Group Consulting Services, LLC has also issued 15 third party subpoenas for documents to Greg Rubino, Nils Carlson, Andy Atherton, Damian Smith, Stephen Chaput, Jim McClafferty, Richard Guha, JD DeVaughn Brown, Jordan Chen, Briar Harrison, Veronica Lopz, Yiyun tan, defense contractor Sonalyst, Inc., Morgan & Morgan P.C., and Slack, Inc. Ethos Group Consulting Services, LLC has taken the depositions of Greg Rubino, Nils Carlson, Thomas Lorenc, Thomas Geiger, Jordan Chen, Al Simon, and depositions of Andy Atherton (approx. 3 hours), Damian Smith (approx. 2 hours), and Stephen Chaput (approx. 2 hours 45 mins). Under the current schedule (D.I. 129), which grants Ethos Group Consulting a total of sixty (60) hours of deposition time, Ethos Group Consulting Services has approximately 28 hours remaining.

(3) The facts alleged in Ethos Group Consulting's fraudulent inducement and negligent misrepresentation counterclaims against VoterLabs (19-cv-000524, D.I. 68-1 and 68-2) and its fraudulent inducement and negligent misrepresentation claims against Walter Kawecki and Andy Atherton (1:21-cv-00001, D.I. 1), consolidated into this action on March 11, 2021, are based on identical allegations.

(4) There are substantial number of documents that have been produced to date in response to discovery requests and third party subpoenas relating to the VoterLabs-Ethos Group relationship and the events in VoterLabs' operative Second Amended Complaint (19-cv-000524, D.I. 147) and Ethos Group Consulting's operative counterclaims against VoterLabs (19-cv-000524, D.I. 68-1 and 68-2) and complaint against the VL Individuals (1:21-cv-00001, D.I. 1).

(5) Ethos Group Consulting Services, LLC and the New Ethos Group Defendants share the same email servers and cloud storage databases referenced in Ethos Group Consulting's initial disclosures and there are no new or different people associated with the New Ethos Group Defendants. Ethos Group Consulting and the New Ethos Group Defendants agree that, insofar as the New Ethos Group Defendants remain in the case, responses and documents by Ethos Group Consulting to date need not be replicated for, but rather can be applied by VoterLabs and the VL Individuals to, the New Ethos Group Defendants.

(6) There is also no need for the VL Individuals or the New Ethos Group Defendants to redo depositions taken by VoterLabs or Ethos Group Consulting to date.

b) **Discovery Going Forward**

VoterLabs and the VL Individuals, and Ethos Group Consulting and the New Ethos Group Defendants, also all agree with the following observations regarding the path forward:

(1) VoterLabs and the VL Individuals served a request for production (26 requests total), interrogatories (25 interrogatories total), and requests for admissions (50 requests total). These requests are focused on understanding and locking in place with particularity the basis for Ethos Group Consulting's fraudulent inducement and related claims against VoterLabs and the VL Individuals. These requests also relate to VoterLabs' new claims against the New Ethos Group Defendants in the Second Amended Complaint and were served on Ethos Group Consulting and the New Ethos Group Defendants collectively, and presumed a single response applicable to all. The responses are due July 2, 2021.

(2) Ethos Group Consulting recently served a request for production (80 requests total), interrogatories (8 interrogatories total), and requests for admissions (16 requests total) on the VL Individuals. These requests are focused on Ethos Group Consulting's fraud and related claims against VoterLabs and the VL Individuals. Although it technically falls outside the current written discovery cut-off of July 2, 2021, the VL Individuals are endeavoring to respond as promptly as possible. The VL Individuals believe that the eighty (80) requests for documents substantially overlaps with discovery already requested from VoterLabs and in third party subpoenas, which may limit the burden.

(3) VoterLabs and the VL Individuals, and Ethos Group Consulting and the New Ethos Group Defendants, will endeavor to respond to the above recently issued discovery by July 9, 2021, subject to whether or not the New Ethos Group Defendants remain in the case and pending further discussion at the Court's June 17, 2021 conference.

(4) Ethos Group Consulting's initial disclosures served on March 16, 2021 identified AnalyticsIQ, Inc. as a potential relevant witness. VoterLabs issued identical subpoenas to AnalyticsIQ, Inc. (a Georgia corporation) and AnalyticsIQ Holdings, Inc. (a Delaware corporation) on March 17, 2021. AnalyticsIQ Holdings, Inc. advised VoterLabs that it is a holding company that does not do any business separately and does not have any documents responsive to the subpoena separate or apart from AnalyticsIQ, Inc. In response to the subpoena, on or about June 1, 2021, AnalyticsIQ, Inc. produced a large volume of native files to VoterLabs. VoterLabs agreed to process the native files for stamping with bates and confidentiality marks and for production to all parties as a courtesy to AnalyticsIQ, Inc. The volume (> 38,000 documents), however, was significantly larger than discussed or expected and therefore has taken VoterLabs longer to process. VoterLabs has completed the task and is presently sending the stamped production to Ethos Group Consulting and the New Ethos Group Defendants. Neither side has reviewed the documents yet.

VoterLabs seeks to confirm the production of specific items requested. The hope and expectation is that there will be no issues or reason for delay.

(5)   The parties have discussed that, to be efficient, any lingering discovery issues—if they remain after a substantive and meaningful meet and confer between lead trial counsel—should be raised pursuant to the Court's policies and procedures, for resolution (in mid-July 2021) for resolution prior to restarting depositions.

(6)   In the event the New Ethos Group Defendants remain in the case, they will seek to issue new written discovery to VoterLabs (and VoterLabs has asked in response that any new rights to conduct more discovery be reciprocal). The parties' expectation, however, is that any new written discovery can be issued promptly upon the decision on the motion to dismiss and responded to by VoterLabs and the New Ethos Group Defendants within thirty (30) days. This discussion by counsel is subject to any further developments pending the June 17, 2021 conference with the Court.

(7)   For depositions, VoterLabs and the VL Individuals require:

- Additional time with fact witness Scarlett Shipp
- Fact witness Meghan Knapp
- Fact witness Don Judice
- Fact witness David Terek
- Fact witness AnalyticsIQ, Inc.
- The parties have agreed that any additional 30(b)(6) topics will be combined with the fact witness depositions above.

(8)   For depositions, Ethos Group Consulting (and the New Ethos Group Defendants if they remain in the case) require:

- Additional time with Walter Kawecki, Andy Atherton, Damian Smith, and Stephen Chaput
- Fact witness Scarlett Shipp
- Fact witness AnalyticsIQ, Inc.
- The parties have agreed that any additional 30(b)(6) topics insofar as VoterLabs' claims against the New Ethos Group Defendants survive will be combined with the fact witness depositions above.

(9)   Neither VoterLabs or the VL Individuals, nor Ethos Group Consulting or the New Ethos Group Defendants, believe that they will require more than the currently allotted sixty (60) hours of deposition time. In other words, the approximately 32 hours that VoterLabs and the VL Individuals have left, and the approximately 28 hours that Ethos Group Consulting has left, should be sufficient regardless of whether the New Ethos Group Defendants remain in the case or not.

      **c)**      **Scheduling**

In consideration and accordance with the above, the parties believe that the written discovery can be concluded by the end of July 2021, depositions taken in late August 2021 and early September, with discovery cut off near in time to the current deadline (September 6, 2021), and dispositive motions near in time to the current deadline (October 4, 2021). To the extent the Court allows the trial to proceed in February 2022 and in accordance with the amount of time the Court prefers to have dispositive motions presented before trial, the parties request an extension of the dispositive motion deadline to November 2021, but before November 22, 2021.

**2.**      **Stipulation of Undisputed Facts**

Attached to this Status Report, the parties respectfully submit a Stipulation of Undisputed Facts to which VoterLabs, the VL Individuals, Ethos Group Consulting, and the New Ethos Group Defendants agree. In this regard, the parties exchanged and discussed a more full set of several hundred stipulations, touching on all claims including VoterLabs' new claims against the New Ethos Group Defendants, but have agreed at this time to provide the Court with a core set of stipulated facts, and subject to further discussion with the Court as to how best the parties can comply with ¶ 5 of the Court's May 12, 2021 Order to submit "a fulsome stipulation of undisputed facts to govern the balance of discovery," and/or any pre-trial requirements by the Court for its jury trials.

**3.**      **Disclosing Insurance Coverage**

Not applicable.

4. **Addressing the Need for a F.R.E. 502 Order**

VoterLabs and Ethos Group Consulting agreed to a Stipulated Confidentiality Agreement and Protective Order that has been entered as a Protective Order (D.I. 39). Said document addresses the issue of inadvertent disclosure and privilege. VoterLabs, the VL Individuals, Ethos Group Consulting, and the New Ethos Group Defendants (insofar as they remain in the case) agree that the provisions in ¶¶ 12 and 13 regarding inadvertent disclosure and privilege shall apply.

5. **Settlement**

Between November 2019 and March 2019, litigation counsel for VoterLabs and Ethos Group Consulting held extended negotiations but were unable to resolve.

On February 13, 2020, pursuant to the Magistrate Judge's Report and Recommendation (D.I. 22), which recommended that "given the nature of the claims in dispute, an early alternative dispute resolution process, such as mediation, may benefit all parties", adopted by the Presiding Judge's Memorandum Order (D.I. 27), the parties and their counsel held a one-day, in-person mediation with Chief Magistrate Judge Mary Pat Thynge but were unable to resolve.

On January 15, 2021, Ethos Group Consulting sent settlement letters to Messrs. Atherton, Smith, and Chaput, to which they each responded on January 22, 2021. Ethos Group Consulting replied on February 5, 2021. The parties dispute whether these letters are evidentiary in nature or are protected by Fed. R. Evid. 408.

At their June 15, 2021 telephone conference, lead trial counsel for VoterLabs and the VL Individuals, and lead trial counsel for Ethos Group Consulting and the New Ethos Group Defendants, discussed settlement including whether or not to send each other F.R.E. 408

communications. Counsel have agreed it is advisable to seek the Court's input. Counsel have communicated with their clients, have authority to discuss settlement, and are prepared to issue F.R.E. 408 communications.

                                              Respectfully submitted,

| *Of Counsel*: | /s/ Nicole K. Pedi |
|---|---|
| | Travis S. Hunter (#5350) |
| | Nicole K. Pedi (#6236) |
| James W. Bergenn, Esq. | RICHARDS, LAYTON & FINGER, P.A. |
| Christopher J. Cahill, Esq. | 920 North King Street |
| SHIPMAN & GOODWIN LLP | Wilmington, DE 19801 |
| One Constitution Plaza | (302) 651-7700 |
| Hartford, Connecticut 06103-1919 | hunter@rlf.com |
| Tel.: (860) 251-5000 | pedi@rlf.com |
| Fax: (860) 251-5219 | |
| jbergenn@goodwin.com | *Attorneys for VoterLabs, Inc. and Walter* |
| ccahill@goodwin.com | *Kawecki, Andy Atherton, Damian Smith,* |
| | *and Stephen Chaput* |
| Dated: June 16, 2021 | |